## W. T. GRANT CO. v. UTITZ.

### No. 3060.

Court of Civil Appeals of Texas. Beaumont.

Feb. 25, 1937.

Rehearing Denied March 10, 1937.

Crook & Cunningham, of Beaumont, for appellant.

C. E. Pool, of Beaumont, for appellee.

WALKER, Chief Justice.

This was an action in the district court of Jefferson county by appellant, W. T. Grant Company, a corporation, against appellee, James J. Utitz, to recover the sum of $3,500 claimed as rent for certain premises described in appellant's petition as No. 574 Pearl street, Beaumont, Tex. The ap-

peal was prosecuted by appellant from the judgment of the lower court sustaining appellee's general demurrer and, after it refused to amend its petition, dismissing its cause of action.

By the allegations of its petition and the exhibits attached to the petition, the following facts constituted appellant's cause of action: Owning a lease on No. 574–586 Pearl street, Beaumont, on January 8, 1927, appellant assigned its lease covering all that property to J. G. McCrory Company, Tex., a Texas corporation, hereinafter referred to as McCrory Company. On October 25, 1927, with the consent of appellant, McCrory Company assigned this lease to McCrory Stores Corporation, hereinafter referred to as McCrory Stores, of which corporation McCrory Company was a subsidiary. On the 1st day of January, 1932, McCrory Company sublet No. 574 Pearl street, approximately 19 feet 2 inches wide by 67 feet 5 inches long, to appellee. The following conditions of that lease are material to this appeal: The lease was to run from the 1st day of February, 1932, to and inclusive of the 31st day of January, 1937; the annual rental was $3,600, payable in monthly installments of $300. We quote as follows from the lease:

(a) "The covenants and agreements herein contained shall inure to the benefit of and be binding upon the parties hereto, their respective heirs, legal representatives, successors and assigns."

(b) "It is expressly understood that the lessor is not the owner of the premises herein leased, but holds the lease on the demised premises, or premises of which said demised premises are a part, and that this sub-lease is and shall remain subject to all the terms and provisions of such existing lease to the Lessor, so far as they shall be applicable to the premises herein leased. If for any reason the lease to the Lessor shall terminate then this lease shall likewise terminate simultaneously with such termination and neither party shall acquire any right or cause of action as against the other by reason of such termination."

On the 31st day of January, 1933, McCrory Company was adjudicated a bankrupt in the city of New York, state of New York, and Richard O. Smith, a resident of the state of New York, was appointed its trustee in bankruptcy; on that date McCrory Stores was in bankruptcy, with Irving Trust Company its trustee in bankruptcy. On the 17th day of April, 1933, Irving Trust Company, as trustee in bankruptcy for McCrory Stores, gave notice of its intention, as trustee, to reject any and all leases, subleases, agreements, and modifications relating to its contract with McCrory Company; and on the 26th day of April, 1933, the said Irving Trust Company notified appellee that it, as trustee, elected to and did disaffirm any and all right, title, and interest in and to the lease which appellee had with McCrory Company. On the 21st day of June, 1933, McCrory Stores and McCrory Company entered into a written contract with appellant, whereby the assignment of the lease from appellant to McCrory Company by instrument dated the 8th day of June, 1927, and the assignment of the lease by McCrory Company to McCrory Stores, were, quoting from the instrument, "terminated as of January 31, 1933." By instrument dated the 30th day of June, 1933, McCrory Company and McCrory Stores assigned their sublease with appellee to appellant covering No. 574 Pearl street. On the 1st day of May, 1933, appellee abandoned No. 574 Pearl street and attempted to surrender the premises back to his lessors and after that date refused to pay rent on the premises and repudiated all obligations under his rent contract. After appellee abandoned No. 574 Pearl street, appellant, in an effort to mitigate its damages, leased these premises to other parties, for the month of December collecting $75 and for subsequent months collecting $625. This suit was brought for $3,500, being the amount of accrued rental subsequent to May 1, 1933, less the $700 collected, as above stated.

### Opinion.

We agree with the contention of appellee, accepted by the lower court in sustaining the general demurrer, that the contracts between appellant and McCrory Company and McCrory Stores, dated the 21st day of June, 1933, whereby the assignments of the leases covering No. 574–586 Pearl street were terminated as of date January 31, 1933, had the effect of terminating appellee's sublease of No. 574 Pearl street; it was so stipulated in express terms by section (b) of appellee's sublease, copied above. We again quote section (b):

(b) "It is expressly understood that the lessor is not the owner of the premises herein leased, but holds the lease on the demised premises, or premises of which said demised premises are a part, and that this sub-lease is and shall remain subject

to all the terms and provisions of such existing lease to the Lessor, so far as they shall be applicable to the premises herein leased. If for any reason the lease to the Lessor shall terminate then this lease shall likewise terminate simultaneously with such termination and neither party shall acquire any right or cause of action as against the other by reason of such termination."

There was no element of illegality in section (b); lessor, McCrory Company, had the right to protect itself against damage to appellee, in the event its title failed, and appellee had the right to refuse to accept McCrory Company's lessor as his landlord, in the event McCrory Company's title should terminate. That title did terminate, thereby terminating appellee's sublease. Because of section (b), appellant pleaded no cause of action for the rent accruing subsequent to June 21, 1933.

But, appellee was due rent in an amount over $500 on No. 574 Pearl street from May 1, 1933, to and inclusive of June 21, 1933, under his lease contract with McCrory Company. That claim was assigned to appellant by McCrory Company and McCrory Stores. In so far as appellant's cause of action was based upon that claim, his petition was not subject to a general demurrer. It pleaded facts creating liability against appellee for an amount within the jurisdiction of the district court.

The following additional propositions support appellant's claim and title to the rent due by appellee, which accrued subsequent to May 1, 1933, up to and inclusive of June 21st of that year.

■ (a) There was no clause or condition in appellee's lease contract with McCrory Company terminating the lease in the event the lessor became a bankrupt, therefore, the title to this lease passed to the trustee in bankruptcy. On this point the following proposition is announced in Remington on Bankruptcy (4th Ed.) Vol. 3, p. 56:

"Of course, leaseholds where the bankrupt is the lessor pass to his trustee. The Lessor's adjudication as bankrupt does not sever the relation of landlord and tenant.

"Leaseholds owned by the bankrupt as tenant at the time of the filing of the petition, and which contain no express prohibition upon the transfer of the title, pass to the trustee.

"The tenant's adjudication as a bankrupt does not ipso facto terminate the lease, nor put an end to his estate in the leased premises."

■ (b) The trustee in bankruptcy has the option to assume or renounce an onerous or unprofitable lease contract of the bankrupt (authority above cited, p. 57), which the bankrupt did in this case. On that election by the trustee the title to the lease was reinvested in McCrory Company and McCrory Stores. On these points it is said in Texas Jurisprudence, Vol. 6, p. 18:

"Trustees are not bound to accept property of an onerous or unprofitable character, and they have a reasonable time in which to elect whether they will accept or reject it. If they decline to take the property, bankrupt may then assert title having the same rights in respect thereto as before bankruptcy."

(c) When the trustee declined to accept the lease on premises No. 574–586 Pearl street, then the bankrupts had the right to assert title, which they did, and holding the title, they had the right to execute the contract of termination with appellant dated the 21st day of June, 1933, and the assignment of the accrued rent due by appellee.

■ (d) But appellee asserts that, on the face of appellant's petition, McCrory Company had no title or interest in No. 574 Pearl street on the date of its lease to him and, therefore, that lease was void. This point is denied. There is nothing in the petition to negative the right in McCrory Company to make the lease to appellee; on the contrary, the general intendments of appellant's petition supply the allegation that it had that right.

For the reasons stated, the judgment of the lower court is reversed and the cause remanded for a new trial.

Reversed and remanded.